Chad L. Belville

304 East Beth Drive

Phoenix, AZ 85042

602-904-5485

FAX 602-297-6953

cbelville@azbar.org

Attorney for Plaintiff BluMedia Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

BLUMEDIA INC., a Colorado Corporation,

a/k/a Intense Cash

d/b/a BrokeStraightBoys.com and

d/b/a BrokeStraightGuys.com;

> Plaintiff,

v.

Sun Networks International Ltd and www.boyztube.com

Dba boyztube.com and dba BoyzTube and

JOHN DOES 1-100,

XYZ Companies 1-100

> Defendants.

---

## COMPLAINT AND JURY DEMAND

---

INTRODUCTION

Piracy of copyrighted and trademarked works is a multi-billion dollar, global industry of theft. The piracy of legal adult entertainment is the training ground for all other forms of online piracy – audio books, television shows, digital music files, and general release Hollywood movies. USA Today wrote, "Online porn often leads high-tech way" http://www.usatoday.com/money/industries/technology/2004-03-09-onlineporn_x.htm and it is a fact that pornography lead the technological advances and mass acceptance of VHS, DVD's, the growth of the Internet, streaming video, online advertising, online payment processing, and downloads. Online piracy of pornography has lead the way for piracy of more mainstream copyrighted works; it has provided a roadmap at a significant cost to the legitimate and legal adult and mainstream entertainment industries. The pirates of pornography train like professional sports players before a big game; they are masterful at their craft and execute with precision. They diligently find ways to hide assets and identities while exploiting weaknesses in their prey. Piracy such as that committed by Defendants is committed only for profit; no party engages in piracy out of any feeling of philanthropic responsibility or to further constitutional free expression. The Rand Institute's 2009 publication Film, Piracy, Organized Crime, and Terrorism determined that "Piracy is high in payoff – with profit margins greater than those of illegal narcotics – and low in risk often taking place under the radar of law enforcement. In addition, terrorist groups have in some cases used the proceeds of film piracy to finance their activities. Besides being a threat to the global information economy, counterfeiting threatens public safety and national security." http://www.rand.org/pubs/monographs/2009/RAND_MG742.pdf

In May 2011, Assistant Attorney General Lanny A. Breuer of the Criminal Division during a speech to the International Anti-Counterfeiting Coalition Spring Conference said, "[Intellectual Property] IP Crime is a serious threat.  It jeopardizes the health and safety of consumers. It stifles creativity.  And it has a negative effect on the American economy.

Source: FBI Counterintelligence Strategic Partnership Newsletter http://www.ndiastl.org/wp-content/uploads/2011/07/Newsletter-July.pdf (Page 3)

Piracy is not a victimless crime and piracy of legal adult materials leads to greater occurrences of piracy across all other forms of online intellectual property.  It is against this backdrop that the following Complaint is respectfully submitted to the Court.

## JURISDICTION AND VENUE

1.      Plaintiff is a Colorado Company organized under the laws of the State of Colorado with its principal place of business in Westinster, Colorado.

2.      Upon information and belief, Defendant Sun Networks International Ltd is a British Virgin Islands entity with a stated business address of 3rd Floor, Omar Hodge Building, Wickhams Cay 1, PO Box 362, Road Town, Tortola, British Virgin Islands.   Further stakeholders and relationships among defendants will be identified during discovery.

3.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(c).

4.      This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c ) and/or

(d)

PARTIES

5.      BluMedia Inc., a Colorado Company, is the rightful trademark, copyright and

intellectual property owner of the United States trademarks, copyrights, and intellectual property

that is the basis for this action.  BluMedia Inc. is one of the world's leading producers of high

quality brand driven adult video.  BluMedia's highly acclaimed content is distributed on a wide

range of platforms including mobile handsets, DVD's, video on demand and through subscription

based web properties.  BluMedia has protected its trade names such as Broke Straight Boys,

JustUsBoys, BrokeCollegeBoys and College Boy Physicals through United States trademark and

service mark registrations and its videos through United States copyright registration.  BluMedia

Inc. also owns the uncontestable Colorado Trademarks Broke Straight Boys and College Boy

Physicals.

Plaintiff is the producer, distributor, and exclusive licensor of its videos in the United

States and globally.  Plaintiff is engaged in the business of producing, distributing, and/or

licensing to others, the rights to copy, distribute, transmit and exhibit copyrighted adult videos to

adults.  Building Plaintiff's library has required the expenditure of significant amounts of time,

money and other resources to produce high quality products, develop supply chains and

distribution systems, and build premium brand recognition of their products.

Plaintiffs, either directly or through their affiliates or licensees, distribute their

copyrighted works in various forms, without limitation, over the Internet, pay-per-view, video on

demand, digital video discs (DVD's), and other formats, by selling them directly or indirectly to

the home viewing market or licensing others to do so.  Plaintiffs also distribute their copyrighted works, without limitation, through Internet streaming and download services.

Plaintiffs have registered with the United States Copyright Office their copyrighted works identified in the paragraphs below.  Plaintiffs have taken industry standard steps to identify their products, including placing recorded warnings at the beginning and end of video productions that appear whenever those videos are played.

6.     Plaintiff's Broke Straight Boys trademark and service mark have been continuously used in commerce since at least June 2004. Colorado Trademark ID Number 20091215689 was registered April 15, 2009.  U.S. Trademark Registration No. 3,964,784 was registered on May 24, 2011 and U.S. Trademark Registration No. 3,972,859 was registered June 7, 2011

7.     Plaintiff, directly or through its assigns, has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark BrokeStraightBoys. As a result, the purchasing public has come to know, rely upon and recognize the mark BrokeStraightBoys as an international brand of high quality entertainment.

8.     Plaintiff has produced in excess of 1,000 adults-only or adult-oriented audio-visual works and holds nearly 400 United States copyrights for its works.

9.      Defendant Sun Networks International Ltd is the registered owner of www.boyztube.com with a stated address of 3rd Floor, Omar Hodge Building, Wickhas Cay 1, PO Box 362 Road Town, Tortola. British Virgin Islands.

10.     Defendants do business as BoyzTube and operate the website BoyzTube.com [hereinafter BoyzTube or Defendants]

11.     Defendant Boyztube competes against Plaintiff in the distribution and sale of adults-only audio-visual works through Internet distribution.

12.     Upon information and belief, Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for illegal profit and monetary gain.

<u>STATEMENT OF FACTS</u>

13.     Upon information and belief, BoyzTube.com is a website that provides adult-oriented audio-visual content to the general public without request for age-verification.

14.     Upon information and belief, the BoyzTube.com website is visited by over 38,000 internet surfers per day. [See Attachment 1 Compete.com results with estimates and public details]. Upon information and belief, Alexa, a website rating service, ranks BoyzTube.com as the 103,147 most visited website of the millions of websites that exist in the world.  [See Attachment 2 Alexa Ranking].  Defendant's large web presence result in Plaintiff's copyrighted works being able to be viewed by hundreds of thousands of visitors on Defendant's website.  By Defendant's own tally, Plaintiff's works have been viewed at least 659,832 times on Defendant's website.  Defendant serves up Plaintiff's copyrighted works through Defendant's website and uses shell games to attempt to avoid civil responsibility for the damage it does to Plaintiffs and other legitimate producers.  Details will be obtained during discovery.  The number of Colorado views and Colorado members will be determined in discovery.

15.     Copyright law states that any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright owner.  By its definition each view constitutes a separate and distinct instance of infringement that is produced on a viewer's computer.  Plaintiff's intellectual property has been viewed hundreds of thousands of times, available for months and for some videos, years, on Defendant's website. With the enormous amount of internet users on Defendant's website, the number of uncompensated views grows daily thus furthering the number of copyright infringements and contributing to the further dilution of the Plaintiff's trade and service marks.

16.     Upon information and belief, Defendant offers a copy of the unlicensed work to surfers ostensibly to post in other locations around the Internet, increasing the ease of access to

the infringing material as well as increasing the visibility in search engines of the infringing material, further diluting Plaintiff's trade and service marks.   An internet user can embed the video on another website where the video can then be accessed.  The number of views on Boyztube therefore does not reflect the number of views on those third party sites.  This significantly increases the number of infringing views due to the tortious acts of Defendants. This number grows daily thus furthering the number of copyright infringements and contributing to the further dilution of the Plaintiff's trade and service marks.

17.     Upon information and belief, Defendants additionally utilize Plaintiff's works to send users to third-party upsells, which upsell advertisers are aware of the blatant copyright violations on Boyztube.  During discovery, details of the financial benefit to Defendant and third parties through this advertising will be detailed.

18.     Upon information and belief, a large portion of videos available on the websites appear to be copyrighted videos that, upon information and belief, are not owned by Defendant but are owned by well-known and long-established members of the adult –oriented audio -visual entertainment industry.

19.     Plaintiff owns the worldwide rights to its extensive archive of high-quality content.

20.     Plaintiff has dedicated significant resources to create, distribute, and protect its works.  In addition, Plaintiff dedicates resources to be in compliance with applicable laws in order to protect the integrity of their works and the overall adult entertainment industry.

21.     The viability and profitability of Plaintiff is based upon monies and revenue earned from Plaintiff's intellectual property, including copyrights in Plaintiff's films.

22.     The Internet, in conjunction with recent significant advances in technology, hardware and software, has resulted in the availability of effective means for circumventing the intellectual property ownership rights in nearly every industry, including adult entertainment. The pervasive and intense online infringement is nearly crippling the adult entertainment industry, providing unfettered, unregulated, free access to copyrighted works originally produced by reputable businesses.

23.     Upon information and belief, these infringers are without any accountability to governmental requirements or regulations, without any actual investment in the creation of the works, and without any commitment to the vision of the future of the industry.  Nonetheless, these infringers utilize, display, and distribute copyrighted works for which they have no right or proper license for their own commercial and significant financial benefit.  These actions have caused and continue to cause significant damage to the business and reputation of the true copyright owners.

24.     Upon information and belief, blatant copyright infringers, such as Defendant through its website BoyzTube, have taken advantage of the existence of legitimate Web sites that properly facilitate the exchange of user-generated content. These infringers attempt to disguise themselves as legally operated websites.   Defendant BoyzTube is truly a subscription membership web site hiding behind the veneer of a simple user-generated content exchange site. Defendant BoyzTube is not a site where users upload home videos; BoyzTube is a subscription website of professional videos that sells premium memberships to users who want to view and download the content, including Plaintiff's.  Defendant's BoyzTube.com website is designed for the sole purpose of taking commercial advantage of the copyrighted works of others without any authority whatsoever and derives benefit from the copyrighted works.  This significant commercial and financial advantage is obtained without purchasing or licensing any rights from the copyright holder nor incurring the significant expense of creating and generating the content itself.  Defendant provides easy links for users to Download Plaintiff's videos, email Plaintiff's videos, share Plaintiff's videos, or embed Plaintiff's videos from the video display page.

25.     Upon information and belief, Defendant enters into contracts with subscribers by selling premium memberships to users who want to view long videos, highly rated videos, and download videos.  These memberships require and ongoing, continuous obligation to Defendant and a commitment to paying a monthly fee.

26.     Upon information and belief, the premium membership permits payment in U.S. dollars, and is thus targeted to United States citizens.

27.     Defendant, in its "Terms of Condition", is written in English and refers to the Digital Millenium Copyright Act of 1998, and each webpage of Defendant's website includes the phrase "© 2007-2011 Boyztube.com. All rights reserved" where Defendant claims copyright under United States law.

28.     Defendant's website encourages user to set up their own profiles, become involved with other users, and interact with the host computer to do so.

29.     Defendant's website is interactive, and users and members have 24 hour access to its content.  The website provides for ongoing interaction with the host computer by permitting uploads to the host computer, and downloads of premium videos from the host computer, AFTER the premium membership fee is paid.

30.     Defendant stores uploaded videos on the host computer.

31.     Upon information and belief, BoyzTube.com and Defendants moderate, review, and screen uploads of videos to its host computer.  Boyztube.com at minimum must monitor all videos to determine if any are illegal, such as child pornography.

32.     Upon information and belief, Defendants take an active role in the reproduction, distribution and display of the infringed material.  Further, Defendants have the right and ability to control the content of the website.

33.    Upon information and belief, Defendants have had actual knowledge of the infringing material on Boyztube.com and/or were aware of facts or circumstances from which infringing activity was apparent on its system or network and/or failed to act expeditiously to remove or disable access to the material upon obtaining such knowledge or awareness.  This is evidenced by the fact that Defendants have a "Studio Black List" and solicit users to identify infringing material through its promotion "Win a months full membership, flag a video as copyright for these studios and you will be upgraded for one month, the studios are Corbin Fisher, SeanCody, Titan Media, English Lads and Bel ami. Say its for a months upgrade. Only video before 1 Nov." Exhibit 11

34.    The foregoing facts show that Defendant is not entitled to the safe harbor protections of the Digital Millennium Copyright Act, 17 U.S.C. § 512 (c ).


35.    Upon information and belief, Defendant's business model of using unauthorized works without compensation has significantly contributed to the ability of Defendant to become a profitable and well trafficked website.  Defendant offers unauthorized content for free that legitimate competitors must pay for.  Defendant then sells premium access to unauthorized content with more extraordinary results.  An illegitimate business model where the cost of goods sold is zero will be able to drive out legitimate competitors.


36.    Upon information and belief, Defendant has created, owns, and/or operates the Internet Web site www.boyztube.com.  In concert with the Doe Defendants, Defendant BoyzTube uses this site to display and distribute Plaintiff's films, among others, to Internet Users.  Defendant BoyzTube and the Doe Defendants each know, or have reason to know, that

there is no proper license or authority to display and distribute Plaintiff's films on Defendant's website and no proper license or authority to or obtain commercial financial gain from such display and distribution.  The website is a one-stop shop for infringing material.  Most, if not all, a very large portion of the content indexed on or available on the website is infringing, unauthorized copyrighted content, including Plaintiff's copyrighted works.  The fundamental purpose of the website is to capitalize on the illegal dissemination and contribute to the illegal dissemination of infringing works. This display and distribution provides Defendant BoyzTube with significant monthly revenues, and hinders Plaintiff's rightful ability to derive financial benefits from their own films.

37.     Upon information and belief, the display and distribution of Plaintiff's films are accompanied by advertisements that generate Defendant BoyzTube significant annual revenue. Advertisers purchase ad space on certain pages and in certain locations on BoyzTube.com due to the known or estimated Internet traffic that views the particular page or location.  The volume of Internet traffic on such page or location is directly attributable to the quality of content displayed and distributed.  Thus, the quality of Plaintiff's films is directly responsible for the revenue generated by the sale of ad space on Defendant's website.

38.     Upon information and belief, the commercial financial benefit and deception regarding the purpose of Defendant's website is not limited to the revenues generated through sale of third party advertising space.  As opposed to legitimate user generated content exchange sites, Defendant's website induces the Internet user to pay subscription fees.

39.     Upon information and belief, BoyzTube does not initially allow users to download versions of Plaintiff's films to the user's computer or view Plaintiff's highly rated videos, although a significant portion is displayed and distributed. See Exhibits 5 and 10.  If the Internet user wishes to realize additional benefits, the user is presented the option by becoming a Premium Member. See Exhibit 4. The website user, enticed by Plaintiff's video on Defendant's page, is directed to a membership sign up page where the user is presented with one month membership for $24.95 and a three month membership for $49.95.

Upon information and belief, this Paid Premium Membership provides revenue to Defendant allowing Defendant to commercially benefit from Plaintiff's work without any benefit to Plaintiff.

40.     Upon information and belief, the Internet user, initially lead to believe that Defendant's website is a completely free viewing site, is presented with paid options to enhance the viewing experience of unauthorized works owned by Plaintiff.  The user is enticed by Plaintiff's videos into a paid membership with further financial benefit only to Defendant. Defendants give away unauthorized viewing of Plaintiff's property and sell memberships that directly benefit Defendant without any benefit to Plaintiff.  Further, potential customers of Plaintiff are lost when Defendant gives away Plaintiff's goods without benefit to Plaintiff.

41.     Upon information and belief, Plaintiff's copyrighted works have been and continue to be infringed by Defendant and the Doe Defendants through the reproduction, distribution, and public display of Plaintiff's films by and through the Internet Web site BoyzTube for which Defendant owns the domain registrations and to which Defendant and the

Doe Defendants, stakeholders of the site, provide essential equipment and support including codes that allow other website owners to "embed" and thereby display Plaintiff's intellectual property on third party websites.

42.     Upon information and belief, the volume of Internet traffic generated at Defendant's website is due to the fact Internet users are presented viewing desirable, infringed content for free, rather than obtaining the viewing rights legally and knowingly paying for such rights.

43.     On or about June 2011, an initial search of Defendant's website revealed and documented over 43 separate instances of copyright infringement of Plaintiff's copyrighted and trademarked intellectual property.  As of the date of this Complaint, a total of 43 instances of infringement, identified by name and registration number in the following paragraphs, were documented as being displayed and distributed on BoyzTube.com.  Each of these films were displayed and distributed by Defendant and the Doe Defendants, each individually and acting in concert with each other, without the consent of, or licensing by, BluMedia Inc., the copyright owner and registrant of the motion picture.

44.     Plaintiff marks each film with a copyright notice and trademark in order to inform the public of Plaintiff's ownership.  Upon information and belief Defendant has altered some of Plaintiff's films in that these notices and marks have been removed.  Defendants intentionally delete, blur or obscure Plaintiff's watermarks and logos from Plaintiff's videos displayed on Defendants' website, causing consumers to be confused as to the origin of the audio-video

content.  Defendant's place their own site watermark on Plaintiff's intellectual property.  The manipulation of identifying marks is also evidence of knowledge and intent to infringe Plaintiff's intellectual property rights.  See Exhibit 14.

45.     Upon information and belief, Defendant has actual knowledge and clear notice of this extensive infringement of Plaintiff's titles.  The infringement is clear and obvious even to the most naïve observer.  Plaintiff's films are displayed and distributed on BoyzTube through Defendant and the Doe Defendants acting in concert.  Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

46.     By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright and trademark infringement, and thereby have infringed, secondarily infringed, and induced infringement by others,  the copyrights and trademarks in Plaintiff's copyrighted work, including but not limited to those listing the paragraphs below.

## CLAIMS FOR RELIEF

## COUNT I

## Copyright Infringement

47.    On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work, protected by Copyright Registration PA-1-719-728 and Trademark Registrations 3964784 and 3972859; specifically located at

http://www.boyztube.com/gay-videos/watch/124910-broke_straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website October 31, 2010 and has been viewed 14,088 times.

48.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work LA, protected by Copyright Registration PA-1-742-903 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/13292-broke_straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website April 12, 2010 and has been viewed 3,768 times.

49.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Dexter, Robert & Alden, protected by Copyright Registration PA-1-731-573 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/68031-broke_straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website April 12, 2010 and has been viewed 41,400 times.

50.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Ricky, Shane & Logan, protected by Copyright Registration PA-1-718-047  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/79799-broke_straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the the motion picture.

51.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work LA, protected by Copyright Registration  PA-1-742-903 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/13292-broke_straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website April 12, 2010 and has been viewed 3,780 times.

52.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work, protected by Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/66771-broke_straight.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website April 6, 2010 and has been viewed 17,664 times.

53.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Giovanni & Chad, protected by Copyright Registration PA-1-739-196  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/123687-broke_straight_boy.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website April 25, 2011 and has been viewed 3,036 times.

54.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Ajay & Anthony, protected by Copyright Registration PA-1-724-219  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/129846-broke_straight.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website June 20, 2011 and has been viewed 3,996 times.

55.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Zach & Mike, protected by Copyright Registration PA-1-717-939,  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/13498-broke_straight_boyz.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.

According to Defendant's own website, this video went live on Defendant's website April 12, 2010 and has been viewed 10,644 times.

56.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Casey & Wes, protected by Copyright Registration PA-1-731-569, and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/16258-broke_straight_boyz.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website April 12, 2010 and has been viewed 6,288 times.

57.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Drew, protected by Copyright Registration PA-1-724-212 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/51329-broke_straight_amp_desperate_for_cash.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website January 31, 2010 and has been viewed 18,828 times.

58.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Jason & Dustin, protected by Copyright Registration PA-1-742-708  and Trademark Registrations 3964784 and 3972859; specifically located at

http://www.boyztube.com/gay-videos/watch/12539-broke_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website April 12, 2010 and has been viewed 6,396 times.

59.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work CJ & Billy, protected by Copyright Registration PA-1-722-234  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/12539-broke_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website April 12, 2010 and has been viewed 6,396 times.

60.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Daxter & Rabib, protected by Copyright Registration PA-1-731-525  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/39789-broke_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website December 6, 2009 and has been viewed 5,928 times.

61.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Dexter & Malachi, protected by Copyright Registration PA-1-731-567  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/85883-broke_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website July 18, 2010 and has been viewed 35,208 times.

62.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Jayce, Sean & Leon, protected by Copyright Registration PA-1-742-707  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/6797-broke_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website April 12, 2010 and has been viewed 7,488 times.

63.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Logan & CJ, protected by Copyright Registration PA-1-744-771  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/57978-broke_str8_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.

According to Defendant's own website, this video went live on Defendant's website February 28, 2010 and has been viewed 21,144 times.

64.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Jarrett & Mark, protected by Copyright Registration PA-1-742-711 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/58417-broke_stright_boys.html. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website March 2, 2010 and has been viewed 40,272 times.

65.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Austin & Dustin, protected by Copyright Registration PA-1-724-189 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/79107-broke_str8_boys_suckin.html. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website June 5, 2010 and has been viewed 13,440 times.

66.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Derek & Corey, protected by Copyright Registration PA-1-731-563 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/44173-straight_boys.html. This copyrighted and

trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website December 29, 2009 and has been viewed 8,388 times.

67.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Aiden & Tyler, protected by Copyright Registration PA-1-724-225  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/118628-straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website March 14, 2011 and has been viewed 6,324 times.

68.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Zack, protected by Copyright Registration PA-1-718-063 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/46486-straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website April 12, 2010 and has been viewed 10,320 times.

69.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Aiden & Tyler, protected by Copyright Registration PA-

1-717-964  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/54039-straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website February 12, 2010 and has been viewed 17,616 times.

70.    On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Tyler & Corey, protected by Copyright Registration PA-1-718-068  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/72028-straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website May 1, 2010 and has been viewed 27,132 times.

71.    On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Michael & Anthony, protected by Copyright Registration PA-1-717-885  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/33202-straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website November 1, 2009 and has been viewed 16,344 times.

72.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Alden & Robert, protected by Copyright Registration PA-1-724-214  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/16807-so_called_straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website April 12, 2010 and has been viewed 6,252 times.

73.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Mario & Angel, protected by Copyright Registration PA-1-724-234  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/102205-cute_straight_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website October 28, 2010 and has been viewed 16,140 times.

74.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Michael & Anthony, protected by Copyright Registration PA-1-717-885  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/36848-2_straight_latino_boys.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the

motion picture. According to Defendant's own website, this video went live on Defendant's website November 20, 2009 and has been viewed 9,132 times.

75. On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Dexter, Robert & Alden, protected by Copyright Registration PA-1-731-573 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/16946-straight_boys_gay_antics_for_pay.html. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website February 6, 2009 and has been viewed 33,132 times.

76. On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Tyler & Jacob, protected by Copyright Registration PA-1-719-728 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/9561-straight_boys_sucking_and_jerkingoff.html. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website November 12, 2008 and has been viewed 48,504 times.

77. On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Michael & Anthony, protected by Copyright Registration PA-1-717-885 and Trademark Registrations 3964784 and 3972859; specifically located at

http://www.boyztube.com/gay-videos/watch/54622-straight_boys_tyler_amp_jacob.html. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website February 15, 2010 and has been viewed 16,908 times.

78.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Jason & Dustin, protected by Copyright Registration PA-1-742-708 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/53407-straight_boys_anthony_amp_michael2.html. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website February 9, 2010 and has been viewed 13,980 times.

79.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Kyler, Zach & Preston, protected by Copyright Registration PA-1-742-905 and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/67878-broke.html. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website April 11, 2010 and has been viewed 30,276 times.

80.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Daxter & Rabib, protected by Copyright Registration PA-1-731-525, and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/112951-straight_boys_suck_fuck.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website April 11, 2010 and has been viewed 30,276 times.

81.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Giovanni & Chad, protected by Copyright Registration PA-1-739-196  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/118043-broke.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website March 8, 2011 and has been viewed 4,980 times.

82.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Jacob & Anthony, protected by Copyright Registration PA-1-739-200  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/76185-desperate_and_broke.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the

motion picture.  According to Defendant's own website, this video went live on Defendant's website May 19, 2010 and has been viewed 17,112 times.

83.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Jake. Tommy, & Sean, protected by Copyright Registration PA-1-739-292  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/33477_broke_five_guy_lunch.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website November 3, 2009 and has been viewed 9,540 times.

84.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work KC & Seth, protected by Copyright Registration PA-1-742-906  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/64491-broke_and_hungry.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website March 27, 2010 and has been viewed 12,384 times.

85.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work KC & Seth, protected by Copyright Registration PA-1-742-906  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/50952-broke_and_hungry.html.  This copyrighted

and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website January 29, 2010 and has been viewed 12,696 times.

86.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Drew & Corey, protected by Copyright Registration PA-1-739-289  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/92505-broke_drew.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture. According to Defendant's own website, this video went live on Defendant's website August 27, 2010 and has been viewed 20, 112 times.

87.     On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Ace & Tyler, protected by Copyright Registration PA-1-724-244  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/57090-broke_str8_ace_amp_tyler.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website February 25, 2010 and has been viewed 18,564 times.

88.    On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Braden & Peter, protected by Copyright Registration PA-1-725-681  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/128922-broke_braden_peter_ii.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website June 11, 2010 and has been viewed 2,676 times.

89.    On June 22, 2011, Plaintiff documented www.boyztube.com display and offer for viewing BluMedia's copyrighted work Dexter, Robert & Alden, protected by Copyright Registration PA-1-731-573  and Trademark Registrations 3964784 and 3972859; specifically located at http://www.boyztube.com/gay-videos/watch/36011-broke_dexter_robert_alden.html. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, BluMedia Inc., the copyright owner and trademark owner of the motion picture.  According to Defendant's own website, this video went live on Defendant's website November 16, 2009 and has been viewed 11,280 times.

<u>Count II</u>

<u>Contributory Copyright Infringement</u>

90.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

91.    On information and belief, Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation,

public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

92.     On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501

93.     Defendant's unauthorized publication of Plaintiff's copyrighted works constitutes infringement of Plaintiff's rights in and to each of the copyrighted works and each publication constitutes a separate and distinct infringement.

94.     By enabling, causing, facilitating, materially contributing to, and encouraging the unauthorized publication and reproduction, distribution, and public display of unauthorized copying of Plaintiff's copyrighted works in the manner described above, with full knowledge of the illegality of such conduct, Defendant has contributed to and induced a vast number of copyright and trademark infringements against Plaintiff.

95.     The unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted works that Defendant enables, causes, materially contributes to and encourages through the acts described above are without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

96.     The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

97.     As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b)

98.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c )

99.     Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505

## COUNT III

### Vicarious Copyright Infringement

100.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

101.    On information and belief, Defendants have engaged in the business of profiting through advertising around Plaintiff's copyrighted works on its website, thus knowingly and vicariously causing and benefiting from the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the vicarious infringement of Plaintiff's copyrighted works.

102.    On information and belief, Defendants' actions constitute vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501

103.    The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

104.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

105.    As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b)

106.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c )

107.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505

COUNT IV

Inducement of Copyright Infringement

108.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

109.    On information and belief, Defendants have encouraged the illegal uploading through membership and downloading of Plaintiff's copyrighted works through software download, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

110.    Upon information and belief, Defendant's induce third parties to send users to Defendant's website, knowing the website gains monetary benefit from unauthorized copyrighted works, thus inducing copyright infringement and illegally benefiting Defendant and third parties from such infringement.

111.    On information and belief, Defendants' actions constitute inducing copyright infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

112.    The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

113.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

114.    As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

115.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

116.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.


## COUNT V

## False Designation of Origin under the Lanham Act

117.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

118.    Upon information and belief, Defendant's conduct is likely to cause confusion, mistake or deception as to Defendants' affiliations, connection, or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

119.    Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

120.    Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

## PRAYER FOR RELIEF

A.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)    Any further use of Plaintiff trade dress and terms which is confusingly similar thereto;

(2)    Directly or indirectly using Plaintiff trade dress and terms or confusingly similar trade dress and terms, either alone or in combination with other terms, marks, symbols or trade dress;

(3)    Any further use of Plaintiff trade dress or terms, or any element thereof, in connection with the marketing or sale of adult entertainment;

(4)    Performing any action or using any trade dress, terms, or other name, mark, symbol, imagery or slogan which is likely to cause confusion or mistake, or to deceive or otherwise

mislead the trade and/or public into believing that Plaintiff and Defendants are one and the same, or in some way connected, or that Plaintiff is the sponsor of Defendants or their products, or the Defendants in some manner are affiliated or associated with, or under the supervision of Plaintiff, or that Defendants' products originate with Plaintiff, or are connected or offered with the approval, consent, authorization, or under the supervision of Plaintiff;

(5)      Marketing or selling any product containing or utilizing Plaintiff' intellectual property or business values; or

(6)      Any other conduct constituting unfair competition with Plaintiff, misappropriation of Plaintiff trade dress or terms or business values, or a violation of the Iowa Code.

B.      That Defendants be ordered to transfer the domain www.BoyzTube.com, and all similar domains held by Defendant found in discovery, such as misspellings of the enumerated domains, domains held by Defendant linked to Boyztube.com, and the content therein to Plaintiff.

C.      That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.      That Plaintiff be awarded damages in an amount to be determined at trial all infringing activities, including Plaintiff damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.      That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff trade dress and terms;

F.      That Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff trade dress and terms, as well as any confusingly similar trade dress or terms;

G.      That Plaintiff be awarded enhanced damages and attorney's fees;

H.      That Plaintiff be awarded pre-judgment and post-judgment interest;

I.      That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

JURY DEMAND

Plaintiff  BluMedia Inc. demands a jury on all issues so triable.

DATED:  22 November, 2011                          Respectfully submitted,

By:     /s/ Chad L. Belville
        cbelville@azbar.org
        Chad Belville, Attorney at Law
        Admitted to Colorado District Court
        304 East Beth Drive
        Phoenix, AZ 85042

        P.O. Box 17879
        Phoenix, AZ 85066
        Telephone:  602-904-5485
        FAX:  602-297-6953
        E-mail cbelville@azbar.org

ATTORNEY FOR PLAINTIFF

TABLE OF ATTACHMENTS

1.  Compete.com results for BoyzTube.com

2.  Alexa Ranking for BoyzTube

3.  BoyzTube Search Page showing Broke Straight Boys search results

4.  BoyzTube Billing Questions and Answers

5.  BoyzTube page for BluMedia video proclaiming "you have to be a full member or have uploaded a video over 15 minutes for our free time promotion in order to watch this 5 stars video!" and "This is a HOT video, upgrade now"

6.  Boyztube WhoIs Registration Page

7.  Boyztube Company Info

8.  Boyztube DMCA notification page

9.  Boyztube Free Time Promotion

10.  Boyztube Notice that Only Full Members and free members who upload for free time can download videos

11.  BoyzTube Studio Blacklist

12.  BoyzTube privacy policy

13.  BoyzTube Terms of Condition

14.  BoyzTube Video Display showing BrokeStraightBoys logo and superimposed Boyztube Logo